**IN THE COURT OF APPEALS OF IOWA**

No. 16-0523
Filed May 11, 2016

**IN THE INTEREST OF K.M. AND M.M,**
**Minor children,**

**T.M., Mother,**
Appellant.

_____

Appeal from the Iowa District Court for Jasper County, Steven J. Holwerda, District Associate Judge.

A mother appeals the termination of her parental rights to her two children. **AFFIRMED.**

Jennie L. Wilson-Moore of Wilson Law Firm, Marshalltown, for appellant.

Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant Attorney General, for appellee State.

Meegan M. Keller, Keller Law Office, P.C., Altoona, for minor children.

Considered by Danilson, C.J., and Vaitheswaran and Tabor, JJ.

**VAITHESWARAN, Judge.**

A mother appeals the termination of her parental rights to her two children, born in 2005 and 2007. She does not contest the grounds for termination cited by the district court. She simply argues the court should have declined to terminate based on the "strong bond" she shared with her children. *See* Iowa Code § 232.116(3)(c) (2015) (stating court need not terminate if "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship").

A social worker with the department of human services acknowledged the mother "ha[d] a strong bond with both of the children" but testified severing the bond was in the children's best interest. In her words, the children were "afraid to return to mom due to her anger," because "[s]he would hit them," and because she "talked inappropriately in front of" them. She pointed out that the children started refusing to attend weekly visits with their mother two to three weeks before the termination hearing.

The service provider who supervised visits also agreed the mother had "a very strong bond" with the children. Despite this bond, her reports documented the children's ambivalence towards attending visits. On one occasion, when the mother failed to attend, the older child said he was okay without a visit and the younger child said she was surprised but happy there was no visit. While the children loved their mother, their frustration with her was evident.

By the mother's own admission, there was no point in the proceedings when the children could have been returned to her care. Based on this

admission and the testimony of professionals involved with the family, we conclude termination was in the children's best interests.

We affirm the termination of the mother's parental rights to her children.

**AFFIRMED.**